UNITED STATES DISTRCT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CARMEN deJESUS,**             **CASE NO. 5:16-cv-00049-RH-GRJ**
**and MANAL GHAFERY,**

    **Plaintiffs,**

v.

**TENDER TOUCH HEALTH CARE SERVICES,**

    **Defendant.**
_____/

## AMENDED COMPLAINT

Plaintiffs, CARMEN deJESUS and MANAL GHAFERY, hereby sue Defendant, TENDER TOUCH HEALTH CARE SERVICES, and allege:

### NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §2000e, *et seq.*, 42 U.S.C. §1981a, and Chapter 760, Fla.Stats.

2. This action was initially brought in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, and then removed to this court.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, CARMEN deJESUS, has been a resident of Florida and was employed by Defendant. Plaintiff deJESUS is a member of protected classes because of her gender, female, and because she reported unlawful employment practices and was subjected to retaliation thereafter.

4. At all times pertinent hereto, Plaintiff, MANAL GHAFERY, has been a resident of Florida and was employed by Defendant. Plaintiff GHAFERY is a member of protected classes because of her gender, female, and because she reported unlawful employment practices and was subjected to retaliation thereafter.

5. At all times pertinent hereto, Defendant, TENDER TOUCH HEALTH CARE SERVICES ("TENDER TOUCH"), has been a corporation or similar cognizable entity doing business within Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiffs' employer as it relates to these claims.

## CONDITIONS PRECEDENT

6. Plaintiffs have satisfied all conditions precedent to bringing this action.

## BACKGROUND FACTS – PLAINTIFF deJESUS

7. Plaintiff deJESUS began her employment with Defendant on May 23 2011, and held the position of community liaison/marketing representative at the time of her wrongful termination on October 21, 2014. Her primary responsibility was to secure patient referrals for Defendant's home health care business.

8. Plaintiff deJESUS was subjected to a hostile work environment, gender discrimination, and to retaliation after reporting discrimination.

9. The mistreatment came at the hands of the owner of Defendant, Ahmed Katoot, a male, and a fellow community liaison/marketing representative who was also the public relations director/marketing manager, Saleh Nofal, a male. Plaintiff deJESUS complained to the Katoot that he and Nofal were treating her and other females less favorably than the male employees.

10. Plaintiff deJESUS and other female workers were subjected to, among other mistreatments, yelling and aggressive and threatening gestures by Nofal.

11. More specifically, Plaintiff deJESUS and others in positions of community liaison/marketing representative were assigned lists of potential referral sources, which included doctors' offices, hospitals, nursing homes, and rehabilitation centers in the Panama City area. It would be Plaintiff deJESUS' and such others' jobs to visit potential sources on their lists on a weekly basis, to

3

communicate various types of care available through Defendant, and to secure patient referrals to be serviced by Defendant.

12.     During Plaintiff deJESUS' tenure with Defendant, at various times there were either four, three or two individuals employed in the position of community liaison/marketing representative.

13.     Plaintiff deJESUS was discriminated against due to her gender in various ways, including by being assigned inferior leads than male community liaisons/ marketing representatives. Specifically, Nofal was assigned more beneficial leads, from which the demanding referral targets/quotas set by Defendant might be achieved more easily, or simply might be achieved. The lists assigned to Plaintiff deJESUS were known by Defendant to be lesser, contacted too often, and/or physicians or other sources who were known as "non-referring physicians." Further, just as Plaintiff deJESUS would begin to make headway with sources on the inferior leads she was assigned, her list was changed so that she had to start from scratch, again with a list of sources inferior to that assigned to Nofal and other males in her position.

14.     Due to her gender and/or in retaliation for reporting and objecting to discrimination, Plaintiff deJESUS was continually assigned such inferior leads. Therefore, when Plaintiff was held to a requirement or quota of generating a

minimum of four referrals within each five-day work week, Plaintiff deJESUS was being set up for failure.

15.   Plaintiff deJESUS became aware that Katoot and Nofal were setting her up to make her quit or be terminated. Since the beginning of 2013, Plaintiff deJESUS' doctor's list consistently was changed so that her production would be lower and Nofal would get the more desirable leads. Plaintiff deJESUS was assigned unreasonable quotas as to the number of referrals, given the fact that Nofal was cherry-picking the leads list.

16.   Plaintiff deJESUS was also discriminated against in other terms of her employment. By way of example, both Plaintiff deJESUS and Nofal had events of office outbursts, with Nofal having the greater number thereof and those of Plaintiff deJESUS being within arguments directly with Nofal. Plaintiff deJESUS was "written-up" for her outbursts, and Nofal was most often not "written-up" for outbursts or even for worse conduct. In fact, on one occasion Nofal shoved a female receptionist, by the first name of Jodi, and was not written up. Additionally, Nofal threatened to physically harm another female, Ayesha Albibi, and was not "written-up" or otherwise disciplined.

17.   Male employees of Defendant were not treated in this discriminatory manner. Moreover, Nofal told Katoot that he wanted only male liaison marketing

representatives. Several other females who were employed with Defendant resigned or were fired due to the hostile work environment, harassment and discrimination they were subjected to. Plaintiff deJESUS was terminated on October 21, 2014, based on allegations that she did not make her sales, which sales were utterly controlled by the Defendant and it set her up to fail.

18. Plaintiff deJESUS has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay costs incurred in connection with this action said fee under applicable law.

## GENERAL FACTS–PLAINTIFF GHAFERY

19. Plaintiff GHAFERY began her employment with Defendant on January 27, 2014, and held the position of community liaison/marketing representative.

20. Plaintiff GHAFERY was subjected to a hostile work environment, and to retaliation after she reported discrimination.

21. The mistreatment came at the hands of Katoot and Nofal.

22. Plaintiff GHAFERY was sexually harassed by Nofal, subjecting her to a hostile work environment. By way of example only, Nofal made statements such as, "All you have to do is look pretty and flirt and you will get the business." Nofal

6

would also put love songs on in his car as she was driving with him—driving with him was required by her work duties--and make comments like, "This is from me to you." Nofal touched Plaintiff GHAFERY's shirt to remove something and touched her face to remove an eye lash in a suggestive manner. Nofal asked if he could smell Plaintiff GHAFERY's perfume, and when she was involved in a car accident he said, "I didn't know you were so sexually frustrated that you had to knock down a wall." Also, Nofal would place his arms and body close to GHAFERY's, and purposely touch her. Also, on more than one occasion, when the two were working together, Nofal asked Plaintiff GHAFERY to accompany him someplace private in lieu of having lunch during her lunch break.

23.     Also, on more than one occasion, Nofal would inform Plaintiff GHAFERY that "I'm a man and you're a woman, and when I talk you will listen."

24.     Plaintiff GHAFERY reported this sexual harassment and hostile work environment to Katoot, who told Plaintiff GHAFERY to address Nofal himself about her allegations. Plaintiff GHAFERY complied with this request—even though such request served to abdicate Katoot's role as owner--after which Katoot began to grill her about how she was "allegedly" sexually harassed. Katoot intimated that Plaintiff GHAFERY was not telling the truth.

25. After Plaintiff GHAFERY complained about being sexually harassed and being subjected to disparate treatment because of her gender, she was retaliated against in that her client accounts were taken away so that she was unable to reach her referral quota. She was also subjected to unwarranted verbal reprimands alleging that she was no longer doing her job.

26. In September 2014, Plaintiff GHAFERY filed a police report against Nofal for setting up a Facebook page with her pictures posted.

27. On October 3, 2014, Plaintiff GHAFERY was called to a meeting, at which she was asked to sign a paper exonerating Defendant from any wrongdoing in connection with Nofal's actions against her and her police report. When Plaintiff GHAFERY refused to sign such a document, she was terminated for the first time. This initial termination lasted for just three days, and on October 7, 2014, Defendant, through Katoot, rescinded the termination and gave Plaintiff GHAFERT her job back. However, the hostile environment and harassment continued and intensified.

28. After Plaintiff GHAFERY complained about being sexually harassed and being subjected to disparate treatment because of her gender, and coincidentally after Nofal was away from the office for a period of four months, upon his return, she was retaliated against in that her client accounts and leads

8

were taken away from her and given to him. For that reason, at that point she was unable to reach her referral quota. As a result of not meeting her quota, Plaintiff GHAFERY was subjected to unwarranted verbal reprimands alleging that she was no longer doing her job.

29. On December 16, 2014, Plaintiff GHAFERY was put on probation for thirty (30) days as Defendant contrived way of setting Plaintiff up for failure and termination. Several other females who were employed by Defendant resigned or were fired due to the hostile work environment and harassment they also were subjected to.

30. On December 31, 2014, Plaintiff GHAFERY filed a charge of discrimination with the EEOC. In retaliation for filing her charge and in continued disparate treatment, Plaintiff was terminated on January 3, 2015.

31. Plaintiff GHAFERY has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay the costs incurred in connection with this action and said fee under applicable law.

**COUNT I-GENDER-BASED DISCRIMINATION (by both Plaintiffs)**

32. Paragraphs 1-31 are re-alleged and incorporated.

33. This count sets forth claims on behalf of both Plaintiffs against Defendant for discrimination based upon gender, brought under 42 U.S.C. §2000e, *et seq.*, and Chapter 760, Fla.Stats.

34. Plaintiffs were victims of discrimination on the basis of their gender in that Plaintiffs were treated differently than similarly situated employees of Defendant who are male and were subject to hostility and poor treatment on the basis, at least in part, of their gender.

35. Defendant is liable for the differential treatment and hostility toward Plaintiffs because it controlled the actions and inactions of the persons making decisions affecting Plaintiffs or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiffs.

36. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiffs as more fully set forth above because it allowed the differential treatment and participated in the same.

37. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated abusive and offensive work environments within the meaning of the statutes referenced above.

38. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

39. The discrimination complained of herein affected terms, conditions, and privileges of Plaintiffs' continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiffs' terminations.

40. Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e, *et seq*., and Chapter 760, Fla.Stats.

41. As a direct and proximate result of Defendant's conduct described above, Plaintiffs have suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiffs are entitled to injunctive relief and punitive damages under this count.

**COUNT II-HOSTILE WORK ENVIRONMENT DISCRIMINATION
(brought by Plaintiff GHAFERY)**

42. Paragraphs 1, 2, 4-6, and 19-31 are re-alleged and incorporated herein.

43. This count sets forth claims on behalf of Plaintiff GHAFERY against Defendant for discrimination based upon gender created by a hostile work environment, brought under 42 U.S.C. §2000e, *et seq.*, and Chapter 760, Fla.Stats.

44. Plaintiff was the victim of discrimination on the basis of her gender in that she was constantly subjected to gender-based comments and actions as described in part above. These actions were unwelcome, were offensive, were frequent and repetitive, and interfered with Plaintiff's abilities to perform her job.

45. Defendant is liable for the hostility and actions toward Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

46. Furthermore, Defendant knowingly condoned and ratified the hostile work environment and took no action to correct it after notice.

47. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated abusive and offensive work environments within the meaning of the statutes referenced above.

48.	In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

49.	The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's terminations.

50.	Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e, *et seq*., and Chapter 760, Fla.Stats.

51.	As a direct and proximate result of Defendant's conduct described above, Plaintiff GHAFERY has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is entitled to injunctive relief and punitive damages under this count.

**COUNT III-RETALIATION (brought by both Plaintiffs)**

52.	Paragraphs 1-31 are re-alleged and incorporated.

53. Defendant is an employer as that term is used under the applicable statutes referenced above.

54. This count sets forth claims on behalf of Plaintiffs against Defendant for unlawful retaliation after Plaintiffs reported or opposed unlawful employment practices adversely affecting them under 42 U.S.C § 2000e, *et seq.*, and Chapter 760, Fla.Stats. Plaintiff GHAFERY engaged in participation clause activity in addition to opposition clause activity.

55. The foregoing unlawful actions by Defendant were purposeful.

56. Plaintiffs voiced opposition to unlawful employment practices during their employment with Defendant and were victims of retaliation thereafter, as related in part above.

57. Plaintiffs are members of a protected class because they reported unlawful employment practices and were the victims of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment actions taken thereafter.

58. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiffs have suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible

damages. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiffs are entitled to punitive damages and to injunctive relief under this count.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant for the following:

(a) that process issue and this court take jurisdiction over this cause;

(b) that this court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

(c) that this court enter judgment against Defendant and for Plaintiffs awarding all legally-available general and compensatory damages and damages for economic loss to Plaintiffs from Defendant for Defendant's violations of law enumerated herein;

(d) that this court enter judgment against Defendant and for Plaintiffs permanently enjoining Defendant from future violations of law enumerated herein;

(e) that this court enter judgment against Defendant and for

Plaintiffs awarding Plaintiff costs and attorney's fees as allowed by law;

      (f)    that this court award Plaintiffs interest and punitive damages where appropriate; and

      (g)    that this court grant such other and further relief as is just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record by CM/ECF this 16th day of March, 2016.

/s/ Marie A. Mattox
Marie A. Mattox